**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Victor Balthazar Bail, | ) | |
| | ) | C.A. No.   `6:13cv2051-HMH` |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | (Jury Trial Demanded) |
| Ping Xiao, Shu Qing Lin, Xiu Ying Xiao, | ) | |
| Chang An Kitchen LLC d/b/a Chang An | ) | |
| New China Buffet, and Chang An King, | ) | |
| LLC d/b/a Chang An New China Buffet, | ) | |
| Defendants, | ) | |
| | ) | |

Plaintiff Victor Balthazar Bail, complaining of each of the above-listed Defendants, would hereby allege and show unto this Honorable Court as follows:

## THE PARTIES

1.      Plaintiff is a non-citizen resident residing in Greenville County, South Carolina.

2.      Upon information and belief, Defendant Ping Xiao ("Xiao") is a citizen and resident of Greenville County, South Carolina.

3.      Upon information and belief, Defendant Shu Qing Lin ("Lin") is a citizen and resident of Greenville County, South Carolina.

4.      Upon information and belief, Defendant Xiu Ying Xiao ("Ying Xiao") is a citizen and resident of Greenville County, South Carolina.

5.      Upon information and belief, Defendant Chang An Kitchen LLC d/b/a Chang An New China Buffet ("Chang An Kitchen") is a limited liability company organized and existing under the laws of South Carolina and doing business in Greenville County, South Carolina.

6.      Upon information and belief, Defendant Chang An King, LLC d/b/a Chang An New China Buffet ("Chang An King") is a limited liability company organized and existing under the laws of South Carolina and doing business in Greenville County, South Carolina.

## VENUE AND JURISDICTION

7.      All of the parties either live in or engage in significant business transactions in Greenville County, South Carolina.

8.      The majority of the actions complained of in Plaintiff's Complaint occurred in Greenville County, South Carolina.

9.      Plaintiff's Complaint includes claims that, among other things, Defendants acted in violation of federal law by failing and/or refusing to comply with the requirements of the Fair Labor Standards Act, 29 U.S.C. § § 201 et seq.

10.      This Court has jurisdiction over this matter and the relief sought herein.  Venue is also proper.

## GENERAL ALLEGATIONS

11.      Defendants own, operate and manage a Chinese restaurant, Chang An New China Buffet (hereinafter "the Restaurant"), which is located in Greenville County, South Carolina.

12.      From approximately November of 2008 until October of 2011, Defendants employed Plaintiff at the Restaurant washing dishes, cooking, and cleaning the kitchen.

13.      Plaintiff was "recruited" to work at the Restaurant by a Georgia-based "Asian employment agency" that Defendants paid to help secure undocumented, unauthorized workers to work at the Restaurant for low wages.  That employment agency is engaged in the trafficking of unauthorized workers, and transported Plaintiff from Georgia to the Restaurant in South Carolina at the request of Defendants.

14.      At the time he began his employment at the Restaurant, Plaintiff was not a citizen of the United States and was not otherwise authorized for employment within the United States. Defendants knew this fact and chose to employ Plaintiff regardless in knowing and willful violation of state and federal law without taking any steps to verify his authorization to legally

2

work within the United States. In fact, Defendants had multiple undocumented individuals working at the Restaurant and at other businesses they own in Greenville County.

15.    Upon first coming to work at the Restaurant, Defendants housed Plaintiff along with at many other unauthorized, non-citizen workers in a residential home (hereinafter "the Workers' House") Defendants own near the Restaurant. Defendants deducted certain amounts from Plaintiff's pay for this housing and for the cost of transporting Plaintiff from Georgia to South Carolina.

16.    During the entire period of his employment at the Restaurant, Defendants required Plaintiff to work approximately seventy-two (72) hours per week, or six twelve hour shifts per week, in exchange for a monthly salary that ranged from One Thousand Dollars ($1,000.00) per month in 2008 to One Thousand Two Hundred and Fifty Dollars ($1,250.00) per month in 2011.

17.    Defendants always paid Plaintiff in cash and, during the entire period of his employment at the Restaurant, Plaintiff's effective hourly wage ranged from approximately Three Dollars and Forty-Seven Cents ($3.47) per hour to Four Dollars and Thirty-Four Cents ($4.34) per hour.

18.    At no time during the entire period of Plaintiff's employment at the Restaurant did Defendants ever pay Plaintiff any overtime wages or at an overtime rate despite the fact that Plaintiff worked approximately seventy-two (72) hours during each and every workweek.

19.    Throughout the entire period of his employment at the Restaurant, and despite the fact that Plaintiff's pay was already well below the minimum wage required by the Fair Labor Standards Act, Defendants routinely made deductions from Plaintiff's pay for various items, including meals, uniforms, living expenses and transportation.

20.     On October 14, 2011, Plaintiff suffered severe injuries in a workplace incident at the Restaurant that resulted from willful and/or reckless conduct on the part of Defendants.

21.     While Plaintiff was working near a fryer in the kitchen of the Restaurant, Defendants directed another employee to clean a vent located over the fryer, at which time a block fell into the fryer, splashing scalding oil onto Plaintiff and severely burning him.

22.     As a direct result of his injuries and the severe nature of his burns, Plaintiff required hospitalization and was ultimately transferred to the Augusta Burn Center in Augusta, Georgia for specialized in-patient treatment.

23.     On October 17, 2011, Defendants drove to the Augusta Burn Center and, while Plaintiff was particularly vulnerable as a result of his injuries, mental state and pain medication, checked Plaintiff out of the facility against Plaintiff's will, against medical advice and without any authorization to do so from either the Plaintiff or his treating physicians.

24.     Defendants then drove Plaintiff back to the Workers' House in Greenville County, where Defendants took Plaintiff's cellular telephone from him, refused to return the cellular phone to Plaintiff, refused to allow Plaintiff to contact his wife without being monitored, and refused to allow Plaintiff to leave the Workers' House for two (2) days.

25.     While Plaintiff was kept confined in the Workers' House, and despite the fact that Plaintiff was bleeding and suffering from incredibly severe pain, Defendants refused to seek appropriate medical care for Plaintiff.  Instead, Defendants, physically, forcibly and without Plaintiff's consent, removed Plaintiff's bandages and poured an unknown powder into the Plaintiff's burns in order to get them to "dry out."

26.     As a direct result of these actions on the part of Defendants, along with their imprisonment of Plaintiff, their threats to Plaintiff, and their keeping Plaintiff from receiving the

4

medication and medical treatment he needed during this time, Plaintiff suffered tremendous pain and suffering, as well as severe mental anguish.

27.    Several days later, and only after learning that Plaintiff's wife had called the police to report Plaintiff missing, Defendants finally drove Plaintiff to his home, where Defendants threatened to report Plaintiff and his wife to immigration for deportation if either of them told the police what had happened or if Plaintiff admitted he had worked for Defendants.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of Fair Labor Standards Act – Minimum Wage)**

28.    Plaintiff incorporates by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

29.    Defendants employed Plaintiff at the Restaurant from November of 2008 until October of 2011.

30.    The entire time he was employed at the Restaurant, Defendants refused and/or failed to pay Plaintiff the required minimum hourly wage in violation of the Fair Labor Standards Act.

31.    Defendants knew they had a duty to pay Plaintiff the minimum wage required by the Fair Labor Standards Act and, upon information and belief, this is not the first time Defendants have knowingly failed to pay an employee minimum wage as required under the Fair Labor Standards Act.

32.    Defendants' failure and/or refusal to pay Plaintiff the minimum wage required constitutes a willful violation of the Fair Labor Standards Act.

33.    As a direct result of Defendants' aforementioned actions, which Plaintiff contends were willful in nature, Plaintiff is entitled to an award against Defendants for actual, compensatory and punitive damages, including both back pay and liquidated damages, along with attorney fees and costs related to this action and any pre-judgment interest.

## FOR A SECOND CAUSE OF ACTION
### (Violation of Fair Labor Standards Act – Overtime Wages)

34.    Plaintiff incorporates by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

35.    The entire time he was employed at the Restaurant, Defendants required Plaintiff to work in excess of forty (40) hours per workweek without compensating Plaintiff for such hours worked in excess of forty (40) at a rate of not less than one and one-half times Plaintiff's regular rate of pay in violation of Section 7(a) of the Fair Labor Standards Act.

36.    Defendants knew they had a duty to pay Plaintiff overtime wages required by the Fair Labor Standards Act and, upon information and belief, this is not the first time Defendants have failed to pay an employee overtime wages as required under the Fair Labor Standards Act.

37.    Defendants' failure and/or refusal to pay Plaintiff the overtime wages required when Defendants knew Plaintiff was working overtime hours was a willful violation of the Fair Labor Standards Act.

38.    As a direct result of Defendants' aforementioned actions, which Plaintiff contends were willful in nature, Plaintiff is entitled to an award against Defendants for actual, compensatory and punitive damages, including both back pay and liquidated damages, along with attorney fees and costs related to this action and any pre-judgment interest.

## FOR A THIRD CAUSE OF ACTION
### (False Imprisonment)

39.    Plaintiff incorporates by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

40.    Defendants removed Plaintiff from the Augusta Burn Center, where Plaintiff was receiving treatment for severe injuries, and took Plaintiff to the Workers' House where they kept him for more than two (2) days.

41.    Defendants committed such actions during a time they knew Plaintiff was in a medically vulnerable condition and unable to give consent, and while Plaintiff was physically unable to oppose Defendants' actions.

42.    Defendants kept Plaintiff in the Workers' House against his will by telling him he could not leave, by refusing to provide him transportation, and by taking away Plaintiff's cellular phone and ability to contact anyone for help or transportation.

43.    Defendants' actions in confining Plaintiff in the Workers' House was intentional and meant to keep authorities form learning of the workplace accident and the fact that Defendants were employing unauthorized workers at the Restaurant.

44.    As a direct result of Defendants' aforementioned actions, Plaintiff suffered deprivation of liberty, as well as severe mental anguish, and believes he is entitled to an award against Defendants for actual and punitive damages.

## FOR A FOURTH CAUSE OF ACTION
**(Assault)**

45.    Plaintiff incorporates by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

46.    While they kept Plaintiff confined in the Workers' House, Defendants, forcibly and without consent, removed Plaintiff's bandages and subjected Plaintiff to inhumane treatment that included pouring drying powder of some type into Plaintiff's open burns and wounds.

47.    Defendants committed such actions during a time they knew Plaintiff was in a medically vulnerable condition and while Plaintiff was physically unable to oppose Defendants' actions.

48.    These actions on the part of Defendants, along with Defendants threats to Plaintiff and refusal to allow Plaintiff to leave the Workers' House, were willful, wanton and reckless disregard of Plaintiff's rights and placed Plaintiff in reasonable fear of bodily harm

49.    As a direct result of Defendants' aforementioned actions, Plaintiff suffered deprivation of liberty, as well as severe mental anguish, and believes he is entitled to an award against Defendants for both actual and punitive damages.

### FOR A FIFTH CAUSE OF ACTION
**(Battery)**

50.    Plaintiff incorporates by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

51.    While keeping Plaintiff confined in the Workers' House, Defendants inflicted forcible contact upon Plaintiff's body without his consent by removing Plaintiff's bandages and pouring drying powder of some type into Plaintiff's open burns and wounds.

52.    Defendants committed such actions when they knew Plaintiff was in a medically vulnerable condition and while Plaintiff was physically unable to oppose Defendants' actions.

53.    Accordingly, Plaintiff is entitled to actual and punitive damages from Defendants.

### FOR A SIXTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

54.    Plaintiff incorporates by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

55.    Defendants' above-referenced actions, committed while Plaintiff was in a highly vulnerable condition related to his injuries and medical condition, were so extreme and outrageous so as to exceed all possible bounds of decency.

56.    In committing those actions, Defendants did intentionally and/or knowingly inflict severe emotional distress on Plaintiff.

57.    As a direct result of Defendants' actions, Plaintiff suffered mental anguish and emotional distress of a nature so severe that a reasonable person could not be expected to endure.

58.    Accordingly, Plaintiff is entitled to actual and punitive damages from Defendants.

## FOR A SEVENTH CAUSE OF ACTION
### (Negligence)

59.     Plaintiff incorporates by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

60.     In forcibly removing Plaintiff from the Augusta Burn Center, without medical consent and while he was in a medically vulnerable condition, Defendants undertook a duty to Plaintiff to ensure that he received proper medical care once he was removed from the Augusta Burn Center.

61.     Defendants breached said duty by failing and/or refusing to obtain appropriate medical care for Plaintiff and by keeping Plaintiff confined in the Workers' House without consent and while they provided inappropriate and unsanctioned medical care.

62.     As a direct result of Defendants failure to provide and/or obtain appropriate medical care and/or treatment for Plaintiff after forcibly removing him from the Augusta Burn Center, Plaintiff suffered damages, including severe scarring, pain and suffering and severe mental anguish.

63.     Plaintiff's damages were a direct and proximate result of Defendants failure to provide and/or obtain suitable medical care for Plaintiff while he was keep confined in the Workers' House against his will.

64.     Defendants' above-referenced actions were reckless, willful and/or wanton.

65.     Accordingly, Plaintiff is informed and believes he is entitled to actual and punitive damages from Defendants.

## FOR A SEVENTH CAUSE OF ACTION
### (Civil Conspiracy)

66.     Plaintiff incorporates by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

67.    Defendants acted in combination to forcibly remove Plaintiff from the Augusta Burn Center without his valid consent and to conceal Plaintiff in the Workers' House.

68.    Defendants' above-referenced actions were committed intentionally and for purposes of preventing Plaintiff from seeking appropriate medical care, to prevent Plaintiff from seeking any assistance he was entitled to from the appropriate authorities, and to conceal the fact that Defendants were employing Plaintiff at the Restaurant in violation of state and federal law.

69.    As a direct and proximate result of Defendants' intentional actions, Plaintiff suffered special damages and is entitled to an award against Defendants therefore.

WHEREFORE, having alleged the above-referenced matters and pled the above-referenced claims, Plaintiff respectfully requests a jury trial on each and every one of his claims and also prays for entry of judgment in an amount to be determined at trial, including all damages set forth above and for all such other and further relief as the Court may deem just and proper.

*s/ Courtney C. Atkinson*
Courtney C. Atkinson, Fed. I.D. #9339
Hannah Rogers Metcalfe, Fed. I.D. #9943
METCALFE & ATKINSON, LLC
9 Toy Street (29601)
P.O. Box 1826
Greenville, SC 29602
864.214-2319
864.214-3067 (fax)
*Attorneys for Plaintiff*

July 24, 2013
Greenville, South Carolina